IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HAMLET BAGHDASARYAN, | : |
| INMATE NO. 78758127, | : PRISONER HABEAS CORPUS |
|     Petitioner, | : 28 U.S.C. § 2241 |
| | : |
| v. | : |
| | : CIVIL ACTION NO. |
| | : 1:07-CV-1618-TCB-JFK |
| MICHAEL CHERTOFF and | : |
| FELICIA SKINNER, | : |
|     Respondents. | : |

## ORDER AND OPINION

Petitioner seeks via 28 U.S.C. § 2241 to challenge the constitutionality of continuing detention pending removal to Armenia. (Doc. 1). Petitioner states that he has been in Respondents' custody since January 19, 2007, and they have been unable to remove him since that date. (Doc. 1 at 2-3). Because he has been detained for more than six months, Petitioner contends that he should be released from custody. (Id. at 4-5). Petitioner also states that he is challenging his Order of Removal, and that the litigation of that matter is likely to exceed six months. (Id.).

Petitioner previously filed an action in this Court in which he sought a stay of deportation, a temporary restraining order, and a verified writ of

mandamus. Baghdasaryan v. Chertoff and Skinner, Civil Action No. 1:07-CV-1463-TCB-JFK (N.D. Ga. Jul. 13, 2007). This Court denied Petitioner's requested relief and dismissed the previous action without prejudice. Id.

Relevant to the instant habeas corpus petition, Petitioner previously challenged Respondents' authority to detain him in his motion for a writ of mandamus. Id., Doc. 4 at 1. In denying Petitioner a writ of mandamus, this Court found that he had failed to offer any facts suggesting that the government will be unable to remove him. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (an alien held for more than six months under a final Order of Removal is required to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" before the government is required to respond). Id., Doc. 9 at 5. Here, as in his previous action, the only reason offered by Petitioner for the government's failure to remove him is that he is continuing to resist removal to Armenia. When an alien acts to prevent his or her removal, the government may continue to detain the alien. See 8 U.S.C. § 1231(a)(1)(C); Akinwale v. Ashcroft, 287 F.3d 1050 (11th Cir. 2002).

AO 72A
(Rev.8/82)

Because Respondents' may detain Petitioner while he continues his efforts to avoid removal to Armenia, he is not entitled to release. This Court finds, therefore, that the instant federal habeas corpus petition should be summarily dismissed.

**IT IS ORDERED** that the instant federal petition for a writ of habeas corpus [Doc. 1] is **DENIED** and that this action is **DISMISSED**. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 25th day of July, 2007.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)